**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| U.S. SECURITIES & EXCHANGE COMMISSION, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> JANUS SPECTRUM LLC; DAVID ALCORN; KENT MAERKI; DOMINION PRIVATE CLIENT GROUP LLC; JANUS SPECTRUM GROUP LLC; SPECTRUM MANAGEMENT LLC; SPECTRUM 100 LLC; SPECTRUM 100 MANAGEMENT LLC; PRIME SPECTRUM LLC; PRIME SPECTRUM MANAGEMENT LLC; DARYL G. BANK, <br><br> Defendants, <br><br>  and <br><br> BOBBY DEAN JONES; PREMIER SPECTRUM GROUP PMA, <br><br> Defendants-Appellants. | No.   17-17042 <br><br> D.C. No. 2:15-cv-00609-SMM <br><br> MEMORANDUM[*] |

---

        [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| U.S. SECURITIES & EXCHANGE COMMISSION,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JANUS SPECTRUM LLC; DAVID ALCORN; DAVID ALCORN PROFESSIONAL CORPORATION,<br><br>Defendants-Appellants,<br><br>and<br><br>KENT MAERKI; DOMINION PRIVATE CLIENT GROUP LLC; JANUS SPECTRUM GROUP LLC; SPECTRUM MANAGEMENT LLC; SPECTRUM 100 LLC; SPECTRUM 100 MANAGEMENT LLC; PRIME SPECTRUM LLC; PRIME SPECTRUM MANAGEMENT LLC; DARYL G. BANK; BOBBY DEAN JONES; PREMIER SPECTRUM GROUP PMA,<br><br>Defendants. | No. 18-15403<br><br>D.C. No. 2:15-cv-00609-SMM |
| --- | --- |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Argued and Submitted June 3, 2019
Seattle, Washington
Submission Deferred December 6, 2019
Resubmitted June 29, 2020

Before:  D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

Appellants[1] challenge the district court order granting summary judgment in favor of the Securities and Exchange Commission (Commission).  We have jurisdiction under 28 U.S.C. § 1291.  We review summary judgment rulings *de novo, see S.E.C. v. Stein*, 906 F.3d 823, 828 (9th Cir. 2018), and orders imposing disgorgement for abuse of discretion, *see S.E.C. v. Feng*, 935 F.3d 721, 737 (9th Cir. 2019).

**1.**	No genuine issue of material fact existed regarding the status of the agreements to pool funds as investment contracts, which are securities under the Securities Act of 1933 (Securities Act).  *See S.E.C. v. Rubera*, 350 F.3d 1084, 1090 (9th Cir. 2003) (describing an investment contract as (1) an investment of money (2) in a common enterprise (3) with an expectation of profits derived solely from the efforts of a third party); *see also* 15 U.S.C. § 77b(a)(1).  The agreements to pool funds for the purchase and resale of spectrum licenses satisfied the first two prongs.  *See id.* at 1091.  The investors' heavy reliance on Janus to apply for,

---

[1]	Appellants are Janus Spectrum LLC (Janus), David Alcorn (Alcorn), David Alcorn Professional Corporation, Bobby Dean Jones (Jones), and Premier Premier Spectrum Group PMA (Premier).  We will not address any arguments related to Premier, because a *pro se* individual may not represent a corporation. *See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004).

3

purchase, and resell the spectrum licenses satisfied the expectation-of-profits prong. *See id.* at 1091-92.

2. Appellants failed to raise a genuine issue of material fact as to violations of the registration provisions of the Securities Act. The Commission was required to show that: (1) Appellants failed to register the securities; (2) Appellants directly or indirectly sold or offered to sell securities; and (3) the sale utilized interstate commerce. *See S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1255 (9th Cir. 2013). The first and third factors are undisputed. As discussed, Appellants either directly sold or, at a minimum, indirectly sold the securities by acting as conduits for the sales transactions, thereby satisfying the second factor. *See S.E.C. v. Phan*, 500 F.3d 895, 906 (9th Cir. 2007).

3. Further, no genuine issue of material fact existed as to the antifraud violations of the Securities Act and the Securities Exchange Act of 1934. The Commission was required to establish generally that Appellants (1) engaged in a scheme to defraud (2) with scienter or negligence, as appropriate, (3) by means of interstate commerce. *See Stein*, 906 F.3d at 830. The Commission presented evidence that Appellants engaged in a fraudulent scheme by representing to investors that major wireless carriers would lease the spectrum licenses for a significant premium to operate broadband services. Appellants failed to raise a

4

material issue of fact regarding Alcorn's and Jones's knowledge that these statements were false.

**4.** We are not persuaded by Jones's argument based on freedom of association. The First Amendment does not immunize fraudulent communications. *See Erotic Serv. Provider Legal Educ. & Research Project v. Gascon*, 880 F.3d 450, 460 (9th Cir. 2018).

**5.** "[A] disgorgement award that does not exceed a wrongdoer's net profits and is awarded for victims is equitable relief permissible under [15 U.S.C.] § 78u(d)(5)." *Liu v. Sec. & Exch. Comm'n*, 591 U.S. ___ Slip. Op. at 1 (2020). Further, the imposition of joint and several liability for a disgorgement award is permissible so long as it is "consistent with equitable principles." *Id.* at 18. The district court's disgorgement award did not exceed Appellants' net profits, but the district court did not address whether such award would be for "the benefit of investors" or whether its imposition of joint and several liability is consistent with equitable principles. *Id.* at 14-18. Accordingly, we remand for the district court to make these determinations in the first instance, consistent with the guidelines articulated in *Liu*. *See id.* Finally, as the Commission acknowledged that the prejudgment interest amount was miscalculated, the district court should also recalculate that amount on remand.

**AFFIRMED in part and REMANDED in part.**